IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTERLINE EQUIPMENT CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 07 C 1611 |
| v. | ) ) | Judge Pallmeyer |
| BANNER PERSONNEL SERVICE, INC., and JOHN DOES 1-10, | ) ) ) | Magistrate Judge Cole |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Centerline Equipment Corporation respectfully requests pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, that this Court compel defendant Banner Personnel Service, Inc. ("Banner") to respond to the following discovery.

**I.   INTRODUCTION**

Plaintiff served its first set of interrogatories, document requests and requests for admission on June 7, 2007. (Exhibit A) Defendant responded to that discovery on September 7, 2007. (Exhibit B) On October 9, 2007, plaintiff sent defendant a Fed. R. Civ. P. 37 letter outlining issues with defendant's responses to plaintiff's first set of discovery requests. (Exhibit C) On November 21, 2007, defendant responded to plaintiff's Rule 37 letter. (Exhibit D) On November 21, 2007, defendant provided a draft protective order. On November 29, 2007, plaintiff provided suggested revisions to that draft protective order via email.

On December 5, 2007, plaintiff's counsel contacted defendant's counsel regarding a Rule 37 conference and the proposed revisions to the protective order and was only able to

1

leave a voicemail message. Defendant's counsel returned the phone message on December 6, 2007 and left a voicemail message for plaintiff's counsel regarding the same. On December 7, 2007, plaintiff's counsel, Heather Kolbus, contacted both of defendant's counsel, Katherine Haennicke and James Borcia, regarding the protective order and Rule 37 conference and was only able to leave voicemail messages for both attorneys. On December 11, 2007, plaintiff's counsel, Heather Kolbus, again called defendant's counsel, James Borcia, regarding the protective order and Rule 37 conference and was only able to leave a voicemail message. On December 11, 2007, defendant's counsel, Katherine Haennicke, contacted plaintiff's counsel, Heather Kolbus, and stated that James Borcia was the appropriate person to contact for the proposed revisions of the protective order and for the Rule 37 conference. On December 12, 2007, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, James Borcia, regarding the protective order and Rule 37 conference and was only able to leave a voicemail message; plaintiff's counsel also sent James Borcia an email regarding the same on the same day. Defendant's counsel, James Borcia, responded to that email on December 12, 2007 on later on that date, the parties agreed to meet and confer on December 17, 2007. Plaintiff's counsel contacted by phone and email defendant's counsel on December 17, 2007. The parties agreed to have the Rule 37 conference on December 18, 2007 at 3:00 p.m. On December 18, 2007, defendant's counsel indicated that he only had time to discuss the revisions to the protective order and requested that the Rule 37 be adjourned for December 20, 2007. Defendant's counsel agreed to all of the terms plaintiff proposed in the November 29, 2007 email. Defendant stated that it would submit the parties' agreed protective order; to date, it has not been filed with the Court. Plaintiff's counsel contacted defendant's counsel on December 20, 2007 at

approximately 2:00 p.m. for the scheduled Rule 37 conference and was only able to leave a voicemail message. Defendant's counsel returned plaintiff's message on December 21, 2007 and plaintiff's counsel returned his phone call and again was only able to leave a voicemail message. As of the time of this motion, and in accordance with Local Rule 37.2, plaintiff's counsel has been unsuccessful in conferring further with defendant's counsel due to no fault of counsel and has cited above the numerous attempts made to engage in such consultation.

### II. DEFENDANT MUST SUBMIT THE PROPOSED PROTECTIVE ORDER FOR THE COURT'S CONSIDERATION

Defendant stated in its Fed. R. Civ. P. 26(a)(1) disclosures that it would not produce responsive documents in the absence of the entry of a protective order. (Exhibit E) Now that the parties have agreed upon a draft protective order, defendant should submit it to the Court for entry because it is the party seeking to protect disclosure of certain documents. There is no just reason for delay. Additionally, defendant has stated in its Fed. R. Civ. P. 26(a)(1) disclosures that "copies of the applicable policies will be made available to Plaintiff's counsel for review at a later date." Despite plaintiff's counsel's request for an opportunity to review the documents, no date has been provided and no documents have been disclosed. Plaintiff respectfully requests that defendant be compelled to submit the proposed protective order to the court for consideration and either provide the responsive documents to plaintiff or provide plaintiff an opportunity to review the documents being withheld.

### III. DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS ARE INADEQUATE

### A. Interrogatories

Plaintiff submits that some of defendant's responses to the first set of plaintiff's interrogatories are inadequate as detailed further below.

Interrogatory number 3 seeks identification of the person(s) who sent the unsolicited advertising facsimile received by plaintiff, the telephone number of the sending machine, the owner of the sending machine and the owner's telephone number. Defendant has only provided one telephone number, 847-247-2202, but stated that "BPS has many telephone numbers." Plaintiff requested that defendant identify BPS' other telephone numbers. Defendant responded to plaintiff's request stating that "any additional numbers Banner Personnel (BPS) may have are irrelevant to the matter at hand." Plaintiff disagrees.

Defendant has failed to respond to parts of the Interrogatory namely, identification of the owner of the sending machine and the owner's telephone number. This information is relevant to determine whether Banner is the owner of the sending machine especially in light of the fact that Banner has identified Myron Curry as the person who sent out the facsimile attached to plaintiff's complaint as Exhibit A. Exhibit A to plaintiff's complaint contains the following numbers: 847-247-2202 and 847-247-2200. Provision of the owner's telephone number will further determine whether Myron Curry or another party may need to be added as a defendant.

Interrogatory number 5 seeks identification of the telephone numbers of every person other than Plaintiff who received a copy of the documents attached as Exhibit A to the complaint and the dates on which they received the documents. Defendant responded that "BPS will produce responsive documents at its counsel's office at a convenient date and time."

Plaintiff requested in its Rule 37 letter that the documents sought be produced or that the parties schedule a time to review the responsive documents. Defendant has responded in its Rule 37 correspondence that it "will produce documents once a protective order has been entered." As addressed above, since defendant's document production is now contingent upon entry of a protective order, when it was not so conditioned previously, defendant needs to submit the protective order for the court's consideration immediately.

Interrogatory number 6 seeks identification of each person involved in creating advertisements Defendant sent or caused to be sent by facsimile to any person from March 22, 2002 to the present. Defendant identified Myron Curry as an individual who was involved in creating Exhibit A to plaintiff's complaint. Defendant also objected to the disclosure of other persons involved in creating other advertisements on the grounds that the request is overbroad. In an effort to resolve this dispute and address defendant's complaint about the request being overly broad, plaintiff in its Rule 37 letter offered to limit the scope of this interrogatory to both Exhibit A, which is attached to plaintiff's complaint, and to the advertisement received by another client of plaintiff's counsel, William G. Pintas & Associates, whose facsimile was previously provided to defendant with plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures. (Exhibit F) Defendant's response to plaintiff's Rule 37 letter stated that it stood on is prior response and indicated that because William G. Pintas & Associates was not named as a plaintiff, it has limited its response to Exhibit A to the complaint.

Plaintiff's classes in the complaint are defined in terms of persons and entities with Illinois fax numbers who "were sent faxes by or on behalf of defendant Banner Personnel Service, Inc. promoting its goods or services for sale." This broad definition clearly

5

encompasses *all* advertisements sent by facsimile by or on behalf of defendant, not just Exhibit A. Since defendant is a personnel placement company, plaintiff felt that it was appropriate to limit the scope to the advertisements received by counsel's clients and has properly disclosed that other facsimile to defendant for its consideration.

Fed. R. Civ. P. 26(b)(1) states that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Relevant information must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" West American Insurance Co. v. Transcontinental Insurance Co., 2005 U.S. Dist. LEXIS 11860, at *4 (N.D. Ind. June 14, 2005) citing Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978). Clearly, issues relevant to defining the class as alleged in plaintiff's complaint are relevant. Accordingly, plaintiffs are entitled to discovery regarding issues relating to class certification. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984), Walker v. World Tire Corp., 563 F.2d 918, 921 (8th Cir. 1977), Dillon v. Bay City Constr. Co., 512 F.2d 801, 804 (5th Cir. 1975), Elliott v. ITT Corp., 1992 U.S. Dist. LEXIS 3108 (N.D. Ill. Mar. 16, 1992), Dickson v. Chicago Allied Warehouses, 1993 U.S. Dist. LEXIS 12914 (N.D. Ill. Sept. 16, 1993); State of Missouri v. Sweeney, 219 S.W.3d 763, 767 (Mo. App. 2005). Defendant cannot limit the scope of plaintiff's investigation of the facts alleged in its complaint for the reason it provided. Plaintiff's request is reasonable, relevant and limited in scope and accordingly, defendant should be compelled to respond further.

Interrogatory number 8 seeks identification of the telephone numbers of every

facsimile machine to which Defendant sent an advertisement from March 22, 2002 to the present. Defendant responded that it will produce "documents relating to the fax numbers to which Exhibit A was sent at its counsel's office at a convenient time and place." Plaintiff's Rule 37 letter requested production of the responsive documents or an opportunity to schedule a time for review of the documents. Plaintiff's Rule 37 letter also addressed defendant's objection to Interrogatory 8. Defendant objected to the disclosure of the recipients of other advertisements during this same time period as overbroad. Similar to what has been address with respect to Interrogatory number 6, plaintiff's Rule 37 attempted to resolve this dispute by limiting the scope of this interrogatory to both Exhibit A, which is attached to plaintiff's complaint, and to the advertisement received by another client of plaintiff's counsel, William G. Pintas & Associates, whose facsimile was previously provided to defendant with plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures. Defendant's response to plaintiff's Rule 37 letter stated that because William G. Pintas & Associates was not named as a plaintiff, it has limited its response to Exhibit A to the complaint. Defendant also now conditioned production of the documents upon entry of a protective order.

As addressed *supra*, plaintiff requests that defendant submit its protective order to the court for consideration. Additionally, plaintiff submits that it has considerably limited the scope of this request by seeking information relative to Exhibit A and the facsimile received by William G. Pintas & Associates, even though its complaint is framed more broadly. Accordingly, defendant should be compelled to respond further as requested.

**B.    Document Requests**

Defendant has agreed to produce documents responsive to document requests 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, and 26 "at a convenient date and time." Plaintiff's Rule 37 letter requested production of the responsive documents or suggestion of scheduling a time to review the documents. Defendant stated in its response to plaintiff's Rule 37 letter that "we will produce documents, if any, when a protective order is entered." Since defendant has now conditioned its response on the entry of a protective order, and a proposed protective order has been agreed upon by the parties, there is no just reason for delay in submitting the protective order for the court's consideration.

Document request number 1 seeks production of each form of Defendant's advertisements sent to facsimile machines from March 22, 2002 to the present. Defendant objected to the request as overbroad because it called for production of the form of any advertisements other than <u>Exhibit A</u> to plaintiff's complaint. Defendant did, however, agree to produce any responsive documents limited to <u>Exhibit A</u> at its office for examination. In an effort to resolve this dispute, plaintiff in its Rule 37 letter sought to limit the scope of this interrogatory to both <u>Exhibit A</u>, which is attached to plaintiff's complaint, and to the advertisement received by another client of plaintiff's counsel, William G. Pintas & Associates, whose facsimile was previously provided to defendant with plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures. Plaintiff also requested production of the responsive documents or to schedule a time for review of the documents. Defendant's response to plaintiff's Rule 37 letter stated that it stood on its response.

For the reasons stated above, plaintiff submits that it has appropriately limited the scope of this document request, even though the allegations in its complaint are more broad and consistent with the scope of the original request. Additionally, since this document production is

8

not made contingent upon the entry of the protective order, plaintiff requests that at a minimum, the documents limited to <u>Exhibit A</u> to plaintiff's complaint be produced immediately. Plaintiff further requests that defendant be compelled to respond further to this document request.

Document Request number 18 seeks production of all documents that identify persons involved in creating Defendant's advertisements sent to facsimile machines from March 22, 2002 to the present. Defendant objected to producing documents relating to advertisements other than <u>Exhibit A</u> as overbroad. Defendant also agreed to produce any documents "at a convenient date and time." Please produce the documents or contact the undersigned to schedule a time for review. Plaintiff's Rule 37 letter again offered to limit defendant's production to advertisements similar to <u>Exhibit A</u> to plaintiff's complaint and to that received by William G. Pintas & Associates. Defendant's response to the Rule 37 letter stated that it was limiting its response to <u>Exhibit A</u> and that it did not have any responsive documents.

For the reasons set for above, plaintiff requests that defendant be compelled to respond further and include any responsive documents relative to the fax received by William G. Pintas & Associates.

Document Request 20 seeks production of documents that identify persons involved in defendant's decision to send advertisements to facsimile machines from March 22, 2002 to the present. Defendant objected to this request on the grounds that it was overly broad. Plaintiff's Rule 37 letter again offered to limit defendant's production to advertisements similar to <u>Exhibit A</u> to plaintiff's complaint and to that received by William G. Pintas & Associates. Defendant's response to the Rule 37 letter stated that it was limiting its response to <u>Exhibit A</u> and that it did not have any responsive documents.

For the reasons set for above, plaintiff requests that defendant be compelled to respond further and include any responsive documents relative to the fax received by William G. Pintas & Associates.

## IV.   CONCLUSION

For unknown reasons, defendant is delaying production of responsive documents and otherwise improperly limiting its responses to plaintiff's narrow and reasonable discovery requests.  For the foregoing reasons, plaintiff respectfully requests that defendant be compelled to respond as discovery requests outlined above.

Respectfully submitted,

 s/ Heather Kolbus
Heather Kolbus


Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)