# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTERLINE EQUIPMENT CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) No. 07 C 1611 ) ) Judge Pallmeyer |
| v. | ) ) Magistrate Judge Cole |
| BANNER PERSONNEL SERVICE, INC. and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

By agreement of the parties the Court hereby orders that the following procedures are to be employed in this action for the protection against improper disclosure or any use of confidential and/or proprietary information produced in discovery or filed with this Court in this case:

1. **Definitions.**

    1.1 <u>Confidential Information.</u> "Confidential Information," which may be designated as provided in paragraph 4 below, is defined as follows: trade secrets, sensitive non-public business or financial information (e.g., customer lists, sales and profits information, sales projections), product specifications, drawings, and blueprints; confidential research, development or commercial information; and confidential or private personal information.

    1.2 <u>Attorneys' Eyes Only Information.</u> A party or other person who in good faith believes any particular Confidential Information is so sensitive that for business competition

reasons it should not be disclosed to an individual plaintiff or defendant or third party defendant, or to any director, officer, or employee of any plaintiff or defendant or third party defendant, as otherwise permitted by paragraph 6.1.2 below, may designate that Confidential Information as "Confidential-Attorneys' Eyes Only." Information which is designated "Confidential-Attorneys' Eyes Only" shall be used solely for the purposes set forth in paragraph 2.1 below, and disclosed only to persons specified in paragraph 6.2 below.

1.3   Persons Protected. As used herein, "Person" includes both the named parties to the above-captioned litigation and third parties who seek to designate "Confidential Information" and who have agreed or been ordered to be bound by this Protective Order in accordance with paragraph 3 below.

**2.   Scope of Protection/Disclosure of Confidential Information in Other Proceedings.** This Protective Order governs the handling of all Confidential Information, including business records, other documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, filed, or disclosed in any other manner during discovery and other proceedings in this action, including Confidential Information produced, given, filed, or disclosed prior to the date of this Protective Order.

2.1   Use Limitations. All Confidential Information shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except persons specified in paragraph 6 below (a) who have read and are bound by the terms of this Protective Order, and (b) to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph.

2.2 <u>Other Proceedings.</u> If any party to another legal proceeding, or a court or an administrative agency, through discovery demands, subpoenas, or other means or orders, seeks production or other disclosure of information which has come into possession of a party hereto as Confidential Information in this litigation, the party receiving such subpoena or order or demand for such Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, notify:

2.2.1 the requesting party, court, or administrative agency of this Protective Order; and

2.2.2 the producing party hereto of the pendency of such discovery demand, subpoena, or order to produce.

3. **Confidential Information Produced by Third Parties.** If, in the course of this action, discovery is sought from a third party which would require such Person to disclose and/or produce information deemed by them to constitute Confidential Information, such third party may gain the protections of this Protective Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

4. **Designation of Confidential Information.** Any party or other Person who produces, gives, or files Confidential Information within the definition stated in Paragraph 1 may designate such information as follows:

4.1 <u>Designation of Documents.</u> Documents (including business records, pleadings, written discovery responses, and all other written materials) containing Confidential Information may be so designated by stamping "Confidential" or "Confidential – Attorneys' Eyes Only" on each page prior to production. In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged. To facilitate the inspection of large volumes of

documents without the need to first affix a confidential designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information learned in its initial inspection that is not contained in the copied documents as being designated confidential material.

4.2     <u>Designation of Deposition Testimony.</u>  Deposition testimony may be designated, in whole or in part, on the record at the time of such testimony, in which case the person making the designation shall instruct the Court Reporter to separately bind the "Confidential" and "Confidential-Attorneys' Eyes Only" portions of the deposition transcript and shall instruct the Court Reporter to stamp the words "Confidential" or "Confidential Attorneys' Eyes Only," as appropriate, on each page.

4.3     <u>Subsequent Designations.</u>     Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to 1.2 above, after they have been produced without having been so designated, only under the following conditions:

4.3.1   Persons to whom such documents, testimony, or other information, have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation.

4.3.2   The new designation applies only as of the date and time of receipt of notice by each person notified.

4.3.3  Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 4.3.1.

4.3.4  Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation.

4.3.5  Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition shall be made within the time specified for review and signing of the transcript per Fed.R.Civ.P. 30(e).

4.4  Either party and any interested members of the public can challenge the secreting of any document.

5.  **Written Acknowledgment By Recipients of Confidential Information.** Persons to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing the Acknowledgment Form attached hereto as Exhibit A ("Acknowledgment Form") and advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) will constitute contempt of Court.

6.  **Persons to Whom Confidential Information May Be Disclosed.**

6.1  "Confidential Information."  Except as otherwise provided by this Protective Order, including but not limited to paragraph 1.2 above, information designated as "Confidential Information" in accordance with paragraph 4 above shall be disclosed only to:

6.1.1 Counsel of record for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by such counsel or parties (including employees of independent copying services who have signed an Acknowledgment Form);

6.1.2 Not more than three (3) officers, directors, or employees of each of the parties, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose; provided, however, that before access is given, each such officer, director, or employee shall have agreed in writing to be bound by this Protective Order by signing the Acknowledgment Form;

6.1.3 The Court and court personnel;

6.1.4 Any other Person as to whom the producing Person agrees in writing;

6.1.5 Witnesses at deposition or trial; and

6.1.6 Court reporters employed in connection with this action.

6.1.7 If any party desires to give, show, make available or communicate documents or information designated as "Confidential Information" or "Confidential-Attorneys' Eyes Only" to any retained outside testifying expert or consultant, it must first identify the experts or consultants to whom it intends to give or disclose such documents or information in writing, to the attorneys for the other party, who shall have ten (10) business days from such notice to object to disclosure to any of the experts so identified. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the Confidential Information to the expert may petition the Court for an order allowing the disclosure. In the event objections are made and not resolved informally, disclosure of confidential documents and information to the expert may not be made except by Order of the Court. The party objecting to disclosure of Confidential Information to an expert to whom

objection has been made may (but is not required to) petition the Court for relief. This paragraph shall not require any party to disclose the identity of any non-testifying expert, except if the retaining party knows that the non-testifying expert performed work for or been employed by another party to the action. The retaining party shall ensure that any non-testifying expert agrees to be bound by this Protective Order by signing the Acknowledgment Form.

6.2     "Confidential-Attorneys' Eyes Only" Information. Except as otherwise provided by this Protective Order, information designated as "Confidential-Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6.1.1 and 6.1.3 through 6.1.7 above who have agreed or who have been ordered to be bound by this Protective Order, by signing the Acknowledgment Form.

6.3     Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing the Acknowledgment Form.

6.4     Limited Exceptions:

6.4.1   Author/Addressees. This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies, provided, however, that this paragraph shall not relieve any such persons from his/her independent duty of confidentiality, nor shall this paragraph in any way modify the use limitations set forth in paragraph 2.1 above.

6.4.2   Witnesses. If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

6.4.3   Certain Information Not Subject To Scope of Order.   The restrictions of this Protective Order shall not apply to information which: (a) was, is, or becomes public knowledge, through no breach of the provisions of this Protective Order; or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party; or (c) the receiving party can establish that the information in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

7.   **Court Filings and Proceedings Involving Confidential Information.**   No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

8.   **Resolution of Disputes.**   A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any part to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential", the parties shall try first to dispose of such a dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting "Confidentiality" shall have the burden of proving the same.

9. **Advice to Client Based on Confidential Information.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any designated information.

10. **Duration of Order: Disposition of Confidential Information Following Litigation.**

10.1 At the conclusion of this litigation (i.e., upon its dismissal, entry of judgment, and/or the expiration of the time for all appeals), all documents or transcripts designated "Confidential" or "Confidential-Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person producing same pursuant to written request of the producing party. In addition, an copies of summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential-Attorneys' Eyes Only" documents or transcripts shall be either destroyed or returned to the party or person furnishing the same.

10.2 Notwithstanding the foregoing provisions of paragraph 10.1, following the conclusion of this litigation, a party or any attorney for a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits, subject to the continuing applicability of the terms and provisions hereof.

10.2.1 Nothing in this Order shall be construed as an agreement or admission that (a) any information, document or the like designated as "Confidential Under Protective Order" by an opposite party is, in fact, confidential or a trade secret; or (b) the document, information, or the like is competent, relevant or material. Furthermore, neither the entry into this Order nor the

designation of any information, document or the like as Confidential Information or the failure to make such designation shall constitute evidence with respect to any issue in this litigation.

SO ORDERED this 3rd day of January, 2008.

Dated: Jan. 3, 2008

Daniel Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603
Phone: (312) 739-4200
Fax: (312) 419- 0379
Attorneys for Plaintiff

Dated: Jan. 3, 2008

James K. Borcia
Katherine L. Haennicke
TRESSLER, SODERSTROM,
MALONEY & PRIESS LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, IL 60606
Phone: (312) 627-4000
Fax: (312) 627-1717
Attorneys for Defendant

ENTER

*[signature]*
United States District Judge

10

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT REGARDING CONFIDENTIALITY

I, _____, have read the Stipulated Protective Order governing the production, exchange, and handling of confidential information in CENTERLINE EQUIPMENT CORPORATION v. BANNER PERSONNEL SERVICE, INC. and JOHN DOES 1-10, Case No. No. 07 C 1611, United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, and I understand that I am bound by the terms thereof.

DATED this _____ day of _____, 2007.

_____